UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRIS MILLER,**

    Plaintiff,

CASE NO.: 6:14-CV-2135-ORL-41-DAB

vs.

**ADCS CLINICS, LLC, A FOREIGN LIMITED LIABILITY COMPANY**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, CHRIS MILLER ("MILLER" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, ADCS CLINICS, LLC. ("ADS" or "Defendant") and alleges the following:

1. Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon her age in violation the ADEA, Section 29 U.S.C. Section 626 (b and c), and 29 U.S.C. Section 623(a)(1).

2. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

3. Plaintiff worked for Defendant from November 1, 2006, until April 23, 2014, as an Office Manager.

4. Defendant is a foreign corporation that is engaged in the cosmetic surgery industry.

5. Plaintiff worked for Defendant as an Office Manager at Defendant's Ormond, Florida location.

6. Defendant is engaged in an industry affecting commerce. *See* 29 U.S.C. Section 630 (g and h).

7. Defendant employs more than 20 employees.

8. Defendant is an employer as defined by 29 U.S.C. Section 630(b).

9. Plaintiff worked for Defendant in Volusia County, Florida, and Defendant does substantial business in Volusia County, Florida.

10. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(5).

11. During her employment, Plaintiff was an exemplary employee.

12. Plaintiff had no written reprimands during her employment with Defendant.

13. Plaintiff was 61 years old when she was fired.

14. Plaintiff was not fired for cause.

15. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

16. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

17. The person who replaced Plaintiff is under 40 years of age.

18. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff.

19. Plaintiff had more seniority than the employee who took over her primary job duties.

20. Plaintiff filed a Charge of Discrimination with the EEOC on or about June 6, 2014, and within 180 days of her termination.

21. More than 90 days have passed since the filing of Plaintiff's EEOC Charge,

and the EEOC has not rendered a decision on its investigation of Plaintiff's claims.

22. The ADEA does not require that the plaintiff first receive a right to sue notice from the EEOC prior to commencing suit. *See* 29 U.S.C. § 626(d)

23. Plaintiff suffered an adverse employment action.

24. Plaintiff was replaced by a younger worker.

25. Plaintiff suffered an adverse employment action because of her age.

26. Defendant willfully violated the ADEA.

WHEREFORE, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, liquidated damages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, and attorneys' fees and costs.

Dated this 19th day of December 2014.

Respectfully submitted,

By: _____
Richard Celler, Esquire
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*